[Civ. No. 7264. Second Appellate District, Division Two.—December 19, 1932.]

JOHN S. KREIDER, Appellant, v. CALIFORNIA THORN CORDAGE, INC. (a Corporation), Respondent.

Lorrin Andrews for Appellant.

George I. Devor for Respondent.

STEPHENS, J., *pro tem.*—One John C. Thorn borrowed $5,000 from the defendant California Thorn Cordage, Inc., depositing as security for the loan bonds of the Central Counties Gas Company, having an aggregate value of $5,000. The loan was evidenced by the promissory note of said John C. Thorn, made payable to the order of the defendant California Thorn Cordage, Inc. The latter took the promissory note and itself borrowed $5,000 from the Citizens National Bank of Los Angeles, evidenced by its promissory note, depositing as security for such loan the Thorn note and the bonds deposited by him to secure his note. The note of defendant California Thorn Cordage, Inc., was assigned by the bank to Dr. Wilbur Smith, who, according to the affidavit on attachment, had loaned the bonds to Thorn for the pur-

pose to which they were put. Smith, it appears, kept the bonds and assigned the note "without recourse" to plaintiff, who brought suit on the note and caused the property of defendant to be attached. The defendant moved the court, under section 556 of the Code of Civil Procedure, for its order discharging the writ of attachment. The motion was made on two grounds: "1. That the said writ of attachment was improperly and irregularly issued in that it was issued contrary to the express provisions of sections 537 and 538 of the Code of Civil Procedure of the state of California. 2. That the said writ of attachment was improperly and irregularly issued in that the complaint filed in this action affirmatively shows that the contract and/or obligation sued upon is secured by (a) a lien upon personal property and (b) by a pledge of personal property." The attachment was dissolved and plaintiff appeals from the order.

■ No assignment and no number of assignments of the note sued upon could act to separate the note from the collateral security which accompanied it. No relation between the maker of the note that was assigned to the bank as a part of the collateral and the owner of the bonds that were part of the collateral could affect the right of the maker of the note sued upon. Even if Smith did merely loan the bonds to Thorn to be used as security to borrow money from California Thorn Cordage, Inc., he had no right to convert the bonds back to his own use, thereby depriving the cordage corporation of its right to them as security for money it loaned Thorn. ■ The contention that Thorn's note, together with the bonds as its security, is not personal property under section 537 of the Code of Civil Procedure is wholly without merit. The plaintiff below, as the ultimate assignee, holds the obligation so far as the maker is concerned in exactly the same way the bank held it. ■ Under section 537 the bank, having valuable security for this loan, was not entitled to an attachment, and the assignee is not.

It may be that the trial of the case will develop undisclosed interests, but they of course are not now before us.

Order affirmed.

Works, P. J., and Craig, J., concurred.